UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETTE SHAPIRO,

                          CASE NO. 2:07-CV-13193
         Plaintiff,        JUDGE DENISE PAGE HOOD
                          MAGISTRATE JUDGE PAUL J. KOMIVES

v.

UNITED STATES OF AMERICA,

         Defendant,

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO AMEND ANSWER (Doc. Ent. 13) and DENYING PLAINTIFF'S CROSS MOTION FOR SEPARATE TRIALS PURSUANT TO Fed. R. Civ. P. 42(b) (Doc. Ent. 16)**

**A.    Background**

On November 17, 2006, plaintiff filed a complaint to discharge a nontaxpayer IRS lien and an IRS mortgage pursuant to 28 U.S.C. § 2410 ("Actions affecting property on which United States has lien")[1] and 26 U.S.C. § 7426 ("Civil actions by persons other than taxpayers").[2]  Case No. 2:06-15145-DPH-PJK. Defendant filed a motion to dismiss on January 16, 2007. On January 30, 2007, plaintiff filed a notice of voluntary dismissal, and the case was terminated.

The instant complaint to quiet title and remove IRS lien was originally filed on or about July 2, 2007, in Oakland County Circuit Court. Doc. Ent. 1 at 10-16 (Case No. 07-084076-CZ).

---

[1] "[T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter–(1) to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a)(1).

[2] "If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale." 26 U.S.C. § 7426(b)(1).

Plaintiff seeks entry of a judgment "that distinguishes the nominee lien on plaintiff and extinguishes the June 28, 1996 mortgage[,]" and "that Plaintiff have other and further relief as the court deems just and appropriate or as the equities require." Doc. Ent. 1 at 15.

The government removed the case to this Court on August 1, 2007, and filed an answer on August 31, 2007 (Doc. Ent. 5). Although the case was originally assigned to Judge Rosen, it has since been reassigned as a companion case to Case No. 2:06-15145-DPH-PJK.

**B.     Pending Motions**

Pending before the Court are two motions, defendant's April 8, 2008, motion for leave to amend answer pursuant to Fed. Rules Civ. P. 13(h) ("Joining Additional Parties."), 15 ("Amended and Supplemental Pleadings") and 19 ("Requires Joinder of Parties") (Doc. Ent. 13) and plaintiff's April 21, 2008, cross motion for separate trials pursuant to Fed. R. Civ. P. 42(b) (Doc. Ent. 16). On April 21, 2008, plaintiff filed a response to defendant's leave to amend answer. Doc. Ent. 15.

Judge Hood has referred these two motions to me for hearing and determination. Doc. Entries 17 and 23. On April 29, 2008, a hearing on defendant's motion was set for May 13, 2008. Doc. Ent. 18. On May 5, 2008, defendant filed a response to plaintiff's cross-motion for separate trials pursuant to Fed. R. Civ. P. 42(b). Doc. Ent. 20.

On May 13, 2008, attorneys Neil Nusholtz and Julie C. Avetta (Washington, D.C.) appeared in my chambers for a hearing on defendant's motion. On May 21, 2008, a telephonic hearing on the two pending motions was scheduled for June 16, 2008. Doc. Ent. 25. On the date set for hearing, I conducted a motion hearing via telephone with attorneys Nusholtz and Avetta.

**C.     Analysis**

**1.** In its motion for leave to amend answer, the government seeks "leave to amend its Answer to conform to the evidence, to include a Counterclaim in this action, and to join the following [six (6)] parties as defendants thereto[.]" Doc. Ent. 13 at 1. The government argues that leave to amend should be permitted, "[t]o cause its responsive pleading to conform to after-acquired evidence, to permit the United States to pursue a remedy to which it is entitled, and because the [IRS] requires that the United States name all interested parties in an action to foreclose on real property[.]" Doc. Ent. 13 at 5. Attached to the government's motion for leave to amend answer is a proposed amended answer with counterclaims. Doc. Ent. 13-2.

In response, plaintiff relies upon 26 U.S.C. § 7403 ("Action to enforce lien or to subject property to payment of tax"). Doc. Ent. 15 at 2-3. This statute provides:

> (a) Filing.--In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability. For purposes of the preceding sentence, any acceleration of payment under section 6166(g) shall be treated as a neglect to pay tax.
>
> (b) Parties.--All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto.
>
> (c) Adjudication and decree.--The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States. If the property is sold to satisfy a first lien held by the United States, the United States may bid at the sale such sum, not exceeding the amount of such lien with expenses of sale, as the Secretary directs.

> (d) Receivership.--In any such proceeding, at the instance of the United States, the court may appoint a receiver to enforce the lien, or, upon certification by the Secretary during the pendency of such proceedings that it is in the public interest, may appoint a receiver with all the powers of a receiver in equity.

26 U.S.C. § 7403. According to plaintiff, one of the issues in this case is "whether the government can force a sale of the airport property and the division of the proceeds of that sale under 26 [U.S.C. §] 7403." Doc. Ent. 15 at 4.[3]

Plaintiff states that "in the case at bar the facts and the parties in the nominee lien issue are completely different from the facts and parties in the foreclosure case." Doc. Ent. 15 at 6. Attached to plaintiff's response is the April 11, 2008, affidavit of Jerald Rosenfeld, to which is attached the October 31, 2006, service provisions agreement between broker "JR Group LLC" and seller "Alex Kramer Trust, Haas Industries, Avery and Bette Shapiro" regarding property in Romulus, Michigan. Doc. Ent. 15-2.

Fed. R. Civ. P. 15(a), which governs pretrial amendments, provides in pertinent part that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Upon consideration, defendant United States' motion for leave to amend answer is granted.

**2.** In her cross motion for separate trials pursuant to Fed. R. Civ. P. 42(b), plaintiff also relies upon 26 U.S.C. § 7403. Doc. Ent. 16 at 3-4. She requests that "if defendant's motion to amend is granted, that the court order separate trials so that . . . the nominee lien [issue] may proceed to trial promptly while the matter of the foreclosure [of the airport property] under § 7403 accumulates its parties and facts." Doc. Ent. 16 at 2, 8.

---

[3]The airport property does not appear to be plaintiff's current address, as the address listed on the Oakland County complaint is in Farmington Hills, Michigan. Doc. Ent. 1 at 5.

4

In response, the government argues that (A) "[a] single trial is appropriate as the Claims involve common facts[,]" and (B) "[a] single trial is appropriate as the Claims involve common parties and common real property[,]" and (C) "[a] single, bench trial is appropriate as the equitable nature of her suit does not entitle Plaintiff to a trial by jury." Doc. Ent. 20 at 3-6.

Fed. R. Civ. P. 42, which governs consolidated and separate trials, provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b).

Upon consideration, plaintiff's cross motion for separate trials pursuant to Fed. R. Civ. P. 42(b) is denied without prejudice to renewal for consideration by the district judge at the time the final pretrial order is submitted. The parties may, as suggested by defense counsel during the telephonic hearing, stipulate to a stay of foreclosure proceedings.

## II.    ORDER

In accordance with the foregoing, the government's motion for leave to amend answer (Doc. Ent. 13) is GRANTED. Defendant should file its amended answer forthwith. Also, plaintiff's cross motion for separate trials pursuant to Fed. R. Civ. P. 42(b) (Doc. Ent. 16) is DENIED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: 6/18/08

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on June 18, 2008.

s/Eddrey Butts
Case Manager